NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 21 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDWARD ANDERSON; RAYMOND KEITH CORUM; JESSE WORTHINGTON; COLLEEN WORTHINGTON,

Plaintiffs - Appellants,

v.

EDWARD D. JONES & CO., LP,

Defendant - Appellee.

No. 24-6164

D.C. No. 2:18-cv-00714-DJC-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Daniel J. Calabretta, District Court, Presiding

Argued and Submitted November 14, 2025
San Francisco, California

Before: FRIEDLAND and SUNG, Circuit Judges, and PITTS, District Judge.[**]

Plaintiffs Raymond Keith Corum, Jesse Worthington, and Colleen

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable P. Casey Pitts, United States District Judge for the Northern District of California, sitting by designation.

Worthington[1] appeal the district court's grant of Edward Jones's motion for summary judgment on their claims for breach of fiduciary duty. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo an order granting summary judgment. *Burch v. City of Chubbuck*, 146 F.4th 822, 832 (9th Cir. 2025). Evidence is viewed in the light most favorable to the non-moving party—here, Plaintiffs. *Id.*

Plaintiffs contend that there were three sources of a fiduciary duty to act in the client's best interest when giving advice about account type: the Financial Industry Regulatory Authority ("FINRA") Rules, the Investment Advisers Act of 1940 ("IAA"), and California state law. Each of these contentions fails.

1.     FINRA Rule 2111 regulates only broker-dealers acting in connection with the purchase or sale of securities. *See* 15 U.S.C. § 78c(a)(4)(A) ("The term 'broker' means any person engaged in the business of effecting transactions in securities for the account of others."); *cf.* 15 U.S.C. § 78*o*(b)(8) (making it unlawful for "any registered broker or dealer to effect any transaction in, or induce or attempt to induce the purchase or sale of, any security . . . unless such broker or dealer is a member of a securities association . . . ."). Accordingly, for FINRA Rule 2111 to provide an applicable fiduciary duty, the challenged advice must have

---

[1] Plaintiff Edward Anderson does not appeal the district court's order denying his claim because the amount by which his fees increased was below the threshold that Plaintiffs' expert testified reflected a breach of fiduciary duty.

related to the purchase or sale of securities. But Plaintiffs crafted their cause of action to avoid the Securities Litigation Uniform Standards Act, which preempts class-action fiduciary duty claims arising from a financial adviser's conduct related to the purchase or sale of securities. *See Anderson v. Edward D. Jones & Co., L.P.*, 990 F.3d 692, 699, 709 (9th Cir. 2021). And Plaintiffs conceded at oral argument that the FINRA best-interest duty imposed on broker-dealers by Regulation Best Interest in 2019 did not exist under federal law at the time Edward Jones gave the advice challenged here. *See* Regulation Best Interest: The Broker-Dealer Standard of Conduct, 84 Fed. Reg. 33318, 33320-22 (July 12, 2019) (codified at 17 C.F.R. pt. 240).

2. The only obligation the IAA imposes on prospective investment advisers is a duty not to engage in fraud. *See* 15 U.S.C. § 80b-6(2). Plaintiffs disclaimed any fraud-based theory in the district court, and they point to no evidence of fraud on appeal.[2]

3. The only California authorities Plaintiffs cite as imposing a fiduciary duty to act in the client's best interest relate only to circumstances in which the

---

[2] Although the district court distinguished Jesse and Colleen Worthington from the other Plaintiffs, concluding that Edward Jones owed them a fiduciary duty under the IAA and California law because they both had separate advisory accounts at the time they switched their joint brokerage account to a joint advisory account, Plaintiffs did not make that argument on appeal. Plaintiffs also conceded at oral argument that Edward Jones did not owe the Worthingtons any greater fiduciary duty than it owed to the other plaintiffs.

financial professional exercises a high degree of control over the client's accounts. *See, e.g.*, *Twomey v. Mitchum, Jones & Templeton, Inc.*, 69 Cal. Rptr. 222, 242 (Ct. App. 1968) (explaining that if a financial adviser is "for all practical purposes the controlling factor in the transactions" then "there should be an obligation to determine the customer's actual financial situation and needs"). Plaintiffs do not argue or present sufficient evidence to show that Edward Jones exercised the necessary level of control over their accounts for that California case law to govern here.[3]

**AFFIRMED.**

---

[3] Because Plaintiffs have not shown that federal or state law imposed a fiduciary duty on Edward Jones to give only account type advice that was in the client's best interest, we do not reach whether Plaintiffs' expert's testimony created a genuine dispute about whether the challenged advice was in Plaintiffs' best interest.